**Clayton S. Morrow, Esquire**
**PA I.D. 53521**
**Morrow & Artim, PC**
**304 Ross Street, 7th Floor**
**Pittsburgh, PA 15219**
**412-209-0656**
**412-386-3184 fax**
**clay@PaCreditCardLaw.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN WARMAN,<br>Plaintiff,<br><br>vs.<br><br><br>AMERICAN CREDIT<br>COLLECTIONS LLC,<br>Defendant. | § § § § § § § § § § § § | Civil Action No.<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br><br>(Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.      Plaintiff, Steven Warman, ("Warman") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 (FCEUA), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA and the FCEUA.

2.      Defendant, American Credit Collections, LLC  ("ACC") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff Warman, arising from a purported obligation to Chase Bank ("Chase"). The obligation ("Debt") required Plaintiff to pay money arising out of trans-

actions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

## Jurisdiction and Venue

3.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the FCEUA claims pursuant to 28 U.S.C. § 1367.

4.      Venue in the Western District of Pennsylvania is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

## Parties

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and the FCEUA. For purposes of these Acts, Plaintiff must be presumed to be "least sophisticated consumer."

6.      ACC is an organization engaged in the business of collecting consumer debts in the Western District of Pennsylvania.  The principal purpose of ACC's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others.  ACC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the FCEUA.

## Factual Allegations

7.      On February 23, 2010, an attorney named Robert M. Cohen, caused to be mailed to Plaintiff Warmen a collection letter on behalf of ACC.  Attached hereto as Exhibit "A" is a true and correct copy of the February 23, 2010 collection letter.

8.      On July 21, 2010, the same attorney, Robert M. Cohen, caused to be mailed to Plaintiff Warmen a collection letter on behalf of ACC.  Attached hereto as Exhibit "B" is a true and

correct copy of the February 23, 2010 collection letter.  In part the letter states "I suggest that you take this last opportunity to avoid this substantial additional expense, inconvenience, harm to your credit and other sanctions against you if you do not comply with our discovery related to execution."

      9.    On August 26, 2010, the same attorney, Robert M. Cohen, caused to be mailed to Plaintiff Warmen a collection letter on behalf of ACC.  Attached hereto as Exhibit "C" is a true and correct copy of the February 23, 2010 collection letter.

      10.    On October 27, 2010, ACC caused to be mailed to Plaintiff Warman a collection letter, a copy of which is attached hereto as Exhibit "D".

      11.    As of November 16, 2010, ACC has not filed a collection lawsuit against Plaintiff Warman.

      12.    After a reasonable opportunity for further investigation and discovery, Plaintiff Warman says that the Plaintiff will have evidentiary support to show:

          a.    When the February 23, 2010 letter (Exhibit "A") was mailed to Plaintiff Warman, ACC did not have a judgment and no discovery related to execution was even possible, let alone outstanding.

          b.    The February 23, 2010 letter (Exhibit "A") was mailed to Plaintiff Warman, and ACC stated "...I am making one final attempt to see if we can resolve this matter amicably."  It is believed and averred that when ACC caused the letter to be mailed, despite the language to the contrary, ACC did not intend the letter to be the last opportunity to resolve the matter amicably.

          c.    The February 23, 2010 letter (Exhibit "A") was mailed to Plaintiff Warman, and ACC stated "[t]he above has been assigned to American Credit Collections which allows them to pursue collection of same."  It is believed and averred that the Debt was not assigned to ACC, but was purchased by ACC.

          d.    The February 23, 2010 letter (Exhibit "A") was mailed to Plaintiff Warman, and ACC stated "[s]ubsequent to same, discovery / deposition of you and/or

execution proceedings against your assets will be commenced to collect the judgment, leading to substantial additional costs payable by you." It is believed and averred that substantial additional costs won't be incurred by Plaintiff Warman.

e.     The February 23, 2010 letter (Exhibit "A") was mailed to Plaintiff Warman, and ACC stated that the sum of $3,302.25 was due and owing. ACC failed to inform Plaintiff Warman that the potential sum due and owing may increase.

f.     The July 21, 2010 letter (Exhibit "B") was mailed to Plaintiff Warman, and ACC stated "[t]he above debt has been assigned to American Credit Collections which allows them to pursue collection of same." It is believed and averred that the Debt was not assigned to ACC, but was purchased by ACC.

g.     The July 21, 2010 letter (Exhibit "B") was mailed to Plaintiff Warman, and ACC stated "...I am making one final attempt to see if we can resolve this matter amicably." It is believed and averred that when ACC caused the letter to be mailed, despite language to the contrary, ACC did not intend the letter to be the last opportunity to resolve the matter amicably.

h.     The July 21, 2010 letter (Exhibit "B") was mailed to Plaintiff Warman, and ACC stated "[l]egal judgment will be obtained for the balance due, plus all applicable interest and costs." ACC has stated that it will obtain legal judgment against Plaintiff Warman.

i.     When the July 21, 2010 letter (Exhibit "B") was mailed to Plaintiff Warman, ACC did not have a judgment and no discovery related to execution was even possible, let alone outstanding. ACC stated "I suggest that you take this last opportunity to avoid considerable additional expense, inconvenience, and other possible sanctions against you if you do not comply with our discovery related to execution." At the time the letter was mailed ACC did not have any outstanding discovery related to execution.

j.     The July 21, 2010 letter (Exhibit "A") was mailed to Plaintiff Warman, and ACC stated that the sum of $3,487.59 was due and owing. ACC failed to inform Plaintiff Warman that the potential sum due and owing may increase.

k.     The August 26, 2010 letter (Exhibit "C") states "[i]f my office does not receive affirmative contact from you within seven (7) days from the date of this letter, we will forward this matter for a civil hearing before:

Fayette County (14)
District Court: 14-2-02
Wendy D. Dennis
521 Johnston Avenue
Uniontown, PA 15401

Plaintiff Warman did not make an affirmative contact with ACC within seven (7) days of August 26, 2010 and it is believed and averred that ACC has no intentions of filing suit if he failed to make the contact. Furthermore, Plaintiff Warman did not reside within that judicial district and the purported consumer contract was not signed within that judicial district.

l.   The October 27, 2010 letter mailed by ACC to Plaintiff Warman (Exhibit "D") stated that the sum of $3,609.07 was due and owing. ACC failed to inform Plaintiff Warman that the potential sum due and owing may increase.

12.   The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

13.   The foregoing acts and omissions of the Defendant ACC were undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of Plaintiff Warman.

14.   The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of it's regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

## First Claim for Relief Under the FDCPA

15.     Plaintiff Warman repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16.     The foregoing acts and omissions of ACC with regards to Exhibit "A" thereby constitute violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

17.     The foregoing acts and omissions of ACC with regards to Exhibit "B" thereby constitute violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

18.     The foregoing acts and omissions of ACC with regards to Exhibit "C" thereby constitute violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692i(a)(2).

19.     Plaintiff Warman has been damaged as a result of the actions of Defendant ACC, its agents, servants, and/or employees, as a result of the false, deceptive and misleading representations, practices and violations outlined herein, and has otherwise suffered damages.

20.     As a result of Defendant ACC, its agents, servants, and/or employees, violations of the FDCPA as set forth herein, Defendant ACC, its agents, servants, and/or employees, are liable to Plaintiff Warman pursuant to 15 U.S.C. § 1692k (a)(2)(B) as follows: (i) for each plaintiff, the amount of actual damages sustained, plus $1,000 per violation; (ii) punitive damages; (iii) costs of bringing this action, plus reasonable attorneys' fees as determined by the Court; (iv) such other and further relief as the Court deems appropriate.

### Second Claim for Relief Under the FCEUA

21.     The Plaintiff Warman repeats, realleges, and incorporates by reference the foregoing paragraphs.

22.     The Defendant ACC's violations of the FDCPA renders it liable under the FCEUA.

23.     If Defendant ACC engages in an unfair or deceptive debt collection act or practice under FCEUA it shall be considered a violation of the Unfair Trade Practices and Consumer Law [73 P.S. § 201-1 et seq.] and render it liable to Plaintiff Warman for statutory damages, actual damages, injunctive relief, costs, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.     Declare that Defendant ACC's actions violate the FDCPA and the FCEUA.

2.     Enter judgment in favor of Plaintiff Warman and against Defendant ACC for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or FCEUA; and

3.     Grant such further relief as deemed just.

Respectfully submitted,

Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Voice 412-209-0656
Fax 412-386-3184
Email Clay@PaCreditCardLaw.com
Dated: November 30, 2010.          ATTORNEY FOR PLAINTIFF

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

_____

Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Voice 412-209-0656
Fax 412-386-3184
Email Clay@PaCreditCardLaw.com
ATTORNEY FOR PLAINTIFF

Dated: November _30_, 2010.